UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL ADAMS, III and SHIANNA NOTSCHER, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKETSTAR CORPORATION, a corporation; CREATE MARKETING AND SOLUTIONS INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | No. 2:14-cv-02509-TLN-DB<br><br>**ORDER** |

The above-referenced class action case ("Action") having come before the Court on August 24, 2017, for an Order of Final Approval of the Class Action Settlement, Class Representatives' Service Awards, and Attorneys' Fees and Litigation Costs ("Order"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered on February 1, 2017, and as set forth in the Parties' Joint Stipulation for Class Action Settlement and Release of Claims ("Agreement") in the above-referenced Action, and due and adequate notice having been given to Class Members as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Agreement.

2. Consistent with the definitions provided in the Agreement, the term Settlement Class Members shall include the following: "All persons currently or formerly employed by Defendant MarketStar Corporation or Create Marketing and Sales Solutions Inc. in the State of California, as Product Specialists, Brand Advocates, Market Sell-Through Managers, Market Managers, Territory Managers, Territory Representatives, Field Sales Advocates, Field Sales Representatives, Field Marketing Managers, Specialists, Trainers and any other field positions, which either or both Defendants classified as exempt, whose job responsibilities included making store visits and/or interacting with store personnel, whether to assist in sales, promote brand awareness or train store personnel or other field employees, during the period from August 15, 2010 through April 22, 2016." The "Class" and "Class Members" includes those who failed to exclude themselves from the terms of the Agreement.

3. For purposes of the Settlement and this Final Judgment, "Defendant" and/or the "Released Parties" includes Defendants MarketStar Corporation ("MarketStar") and Create Marketing and Solutions, Inc. ("Create") (collectively, "Defendants") and their predecessors, successors, parents, subsidiaries, affiliated, and/or related entities.

4. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Representative Plaintiffs and Settlement Class Members.

5.      Distribution of the Notice of Class and Collective Action Settlement and Final Hearing ("Notice") and Claim Form (collectively, the "Notice Packet") directed to Settlement Class Members as set forth in the Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances.  The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and the Notice fully satisfied the requirements of due process.  All Settlement Class Members and all Released Claims are covered by, included with, and subject to the Agreement and this Final Judgment.

6.      The Court hereby finds the Agreement was entered into in good faith following arms-length negotiations, and further finds that the Settlement and Agreement are fair, reasonable, and adequate and that the Named Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23.

7.      The Court hereby approves the Settlement as set forth in the Agreement and finds that the Settlement and Agreement are, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to the terms outlined in the Agreement.

8.      As of the date of this Final Approval Order and Judgment and the effective date as set forth in the Agreement ("Effective Date"), all Released Claims of each Settlement Class Member are and shall be deemed to be conclusively released as against Released Parties.  The Released Claims shall mean all claims alleged in the Consolidated Action, and any and all claims, demands, rights, liabilities and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether or not concealed or hidden, asserted or that might have been asserted by either Plaintiff, or any Class Member, relating to, or arising from, the claims alleged in the Consolidated Action, including the following:

> All claims or causes of action against the Released Parties that are pled in, or reasonably arise from or relate to the facts pled in, the Amended Complaint

filed in the Settled Class Action by Plaintiffs on behalf of themselves and/or the Settlement Class Members, including, but not limited to, (a) all claims of any kind related to alleged unpaid compensation, including without limitation all claims for wages, overtime, meal and rest period premiums, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation expenses, restitution, or equitable relief, whether known or unknown; (b) overtime under California Labor Code sections 510, 515, 1194 and any other applicable sections, as well as under Industrial Welfare Commission Wage Order 4-2001; (c) all claims for inaccurate or deficient wage statements under Labor Code section 226 and any other applicable sections; (d) "waiting time" penalties for late paid or unpaid wages under California Labor Code section 203 and any other applicable sections; (e) claims based on (a) through (d) above, as a predicate for alleged violations of the California Unfair Competition Act, and in particular, California Business & Professions Code § 17200 *et seq.;* (f) all claims under PAGA; (f) all claims under the FLSA, and any premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting based on or related to the alleged claims. The Settlement Class Members shall also waive all rights under California Civil Code Section 1542 related to the released claims. To effectuate a release of all claims under the FLSA, each check representing any payment to a Settlement Class Member shall state on the reverse, "By accepting this payment I agree that I have chosen to participate in the settlement of the Consolidated Action and waive and release all Released Claims, as defined in the Notice, including claims under both Federal and State law. Only members of the Class that choose not to opt out and have chosen to remain in the case will be subject to the release, and only those who endorse the settlement checks will be subject to an FLSA release.

*Expressly excluded from the settlement are all unrelated claims including, but not limited to, claims for retaliation, discrimination, unemployment insurance, disability, workers compensation and claims outside the Settlement Class Period, which are not released. The release shall apply to the Settlement Class Members with regard to any claims arising during the Class Period, August 15, 2010 through April 22, 2016. This release does not apply to any claims in the Beauford v. ActionLink, LLC case.*

9. Neither the Settlement nor the Agreement are admissions by any of the Released Parties, nor is this Final Order and Judgment a finding of the validity of any claims in the Action, or of any wrongdoing by any of the Released Parties.

10. The Court hereby finds the $2,500,000.00 Gross Settlement Amount consideration provided for under the Agreement to be fair and reasonable. The Court, therefore, orders Settlement Awards to be made and administered in accordance with the terms of the Agreement

and as set forth in the Court's Preliminary Approval Order to each Settlement Class Member who has submitted a Claim Form in accordance with the Agreement.

11. The Court hereby confirms Righetti Glugoski, P.C. and Rastegar Law Group, APC as Class Counsel.

12. Pursuant to the terms of the Agreement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel fees in the amount of $833,333.33, to be split equally between Righetti Glugoski, P.C. and Rastegar Law Group, APC, and costs of $33,250.08 to be paid from the Gross Settlement Amount as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel as set forth in the Agreement. The Court finds that the attorneys' fees requested were reasonable, based upon the submitted lodestar information and common fund doctrine, and reflect typical hourly rates in this area of practice and geographic region. The Court further finds that the multiplier required to align the submitted lodestar figure with the requested contingency fee is justified in light of the result achieved and the efficiency with which it was accomplished. Class Counsel has proceeded on a contingency basis despite the uncertainty of any fee award. Class Counsel was necessarily precluded from pursuing other potential sources of fees because of its work in connection with this Action.

13. The Court also hereby confirms Named Plaintiffs Karl Adams, III and Shianna Notscher as Class Representatives and authorizes payment to each Plaintiff in the amount of $25,000.00 from the Maximum Settlement Amount (for a total of $50,000) less applicable holdings.

14. The Court also orders that a Claims Administration Payment in the amount of $14,000 be paid to the Claims Administrator, CPT Group, Inc., from the Maximum Settlement Amount for the costs of administration.

15. The Court also orders a PAGA Penalty Payment in the amount of $10,000 from the Maximum Settlement Amount to be distributed as follows: $7,500.00 to the California Labor and Workforce Development Agency and $2,500.00 to be distributed to Settlement Class Members on a *pro rata* basis.

16. In accordance with the Agreement, Settlement checks not cashed within 180 days will be voided and the funds will be sent to the *Cy Pres* Designee, and the failure to cash any check within 180 days shall in no way affect the binding nature of the settlement or the binding nature of any release of claims.

17. The Court hereby enters judgment of the entire Action, and orders the Parties to act in accordance with and pursuant to the terms set forth in the Agreement. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and Agreement and all orders entered in connection therewith.

IT IS SO ORDERED.

Dated: August 29, 2017

Troy L. Nunley
United States District Judge